UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF INDIANA

Indianapolis Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 1:23-CR-00094-JRS-MG |
| ) | |
| DAVID JOSEPH MULL, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant David Joseph Mull ("Mull"), by and through the undersigned counsel respectfully submits this memorandum in aid of sentencing. For the reasons stated below, Mull respectfully requests that the Court sentence him to a term of home detention.

### FACTS OF THE INSTANT OFFENCE

Between September 2019 and March 2023, Mull engaged in unlicensed firearm sales while not a federally licensed firearms dealer within the meaning of 18 U.S.C. Chapter 44.

Mull sold a significant number of firearms—both through in-person transactions and via online platforms. In addition, he engaged in repeated sales to a number of individual buyers. Some of these transactions involved the sale of multiple firearms at a time.

On December 31, 2024, the parties filed a Combined Petition to Enter Plea of Guilty and Plea Agreement (Dkt 30), whereby Mull agreed to plead guilty to Count 1 of the Indictment, Unlicensed Dealing in Firearms, in violation of 18 U.S.C. §922(a)(1)(A). In accordance therewith, Mull stands to be sentenced April 30, 2025.

## **SENTENCING FACTORS UNDER SECTION §3553(a)**

Pursuant to 18 U.S.C. §3553(a), the Court is to, "impose a sentence sufficient, but not greater than necessary, to comply with," federal sentencing goals. 18 U.S.C. §3553(a). To that end, the advisory guideline range is but one factor. *See, Kimbrough v. United States*, 552 U.S. 85 (2007) *citing, United States v. Booker*, 543 U.S. 220 (2004). *See also, Gall v. United States*, 552 US 38, 49 (2007) (The Court, "must make an individualized assessment based on the facts presented."). *See also, United States v. Musgraves*, 883 F.3d 709, 715 (7th Cir. 2018) (The Court retains discretion "to select an appropriate sentence for the individual defendant and the surrounding circumstances.").

In the present case, the minimum of the Guideline range of seventy-eight (78) months exceeds the statutory maximum of sixty (60) months[1]. *See*, Presentence Investigation Report ("PIR") ¶ 55. *See also*, 18 U.S.C. §3583(b)(2). Thus, the Court is to impose a sufficient sentence supported by the factors enumerated in 18 U.S.C. §3553(a), but not greater than necessary, and not to exceed sixty (60) months. As discussed *infra*, the present case in one in which a sentence below the statutory maximum would be appropriate and supported by 18 U.S.C. §3553. Specifically, Mull respectfully submits that a sentence of home detention in lieu of incarceration is appropriate, sufficient, and necessary due to Mull's extraordinary physical impairment.

---

[1] At the time the parties submitted the Combined Petition to Enter Plea of Guilty and Plea Agreement, an unresolved issue remained concerning the applicability of the four-level enhancement under U.S.S.G. §2K2.1(b)(6)(A), which addresses whether the defendant knew, intended, or had reason to believe that the firearms would be transported out of the United States. *See also,* Addendum to the Presentence Report (Dkt. 0756). For purposes of sentencing, Mull does not contest application of the enhancement, consistent with his acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and his desire to fully acknowledge the scope of his conduct.

1. **<u>Home detention is necessary to provide the defendant with needed medical care in the most effective manner.</u>**

In determining the particular sentence to be imposed, the court shall consider, in part, the need for the sentence imposed to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2)(D). Pursuant to United States Sentencing Commission Guidelines, "[a]n extraordinary physical impairment may be a reason to depart downward; *e.g.*, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. §5H1.4 (Policy Statement).

Whether or not such a departure is warranted must be based on the particularized facts of the case. *United States v. Woody*, 55 F.3d 1257, 1275-76 (7th Cir. 1995). Additionally, to sentence a defendant to incarceration in such a case, the Court must be satisfied that that Bureau of Prisons can handle the defendant's medical conditions beyond boiler plate assurances that they can do so. *See, United States v. Gee & Norris*, 226 F.3d 885, 902 (7th Cir. 2000). Moreover, the Court is not limited by Guideline restrictions on the period of home detention available, if home detention is necessary pursuant to §5H1.4. *Id.*

As made clear in the Presentence Investigation Report, Mull is seriously and uniquely infirm. Mull is completely and permanently paralyzed from the waist down, is wheelchair bound, and requires a urinary catheter and leg bag. PIR ¶ 41. Moreover, due to his paralysis, Mull suffers from chronic complications in the form of pressure injuries and wounds that require constant monitoring and care. Mull's wounds require non-waterproof bandages that severely complicate the bathing process. *Id* at ¶ 43. At a minimum, he requires wound care every other day or after every shower or bath. *Id.*

Mull is incapable of providing this constant and necessary wound care to himself and currently relies on his wife and other family members at home. *Id* at ¶ 42. Additionally, Mull requires special wheelchair-offloading interventions to manage both his chronic wounds and the cumulative effects of past falls from his wheelchair. *Id* at ¶ 43. When Mull's chronic wounds worsen, they require surgery. Based on experience, such surgeries are known to subsequently require approximately six weeks of hospitalization.

Managing Mull's condition in prison would thus be prohibitively costly, complicated, and labor intensive – if possible, at all. Mull's condition thus falls squarely within the meaning of §5H1.4, and a sentence of home detention is both warranted and necessary.

2. **A sentence of home detention is consistent with Federal sentencing purposes.**

Mull fully understands and accepts responsibility for his actions. In advocating for a sentence of home detention, he does not seek to minimize the seriousness of his offense. On the contrary, home detention is a significant punishment which imposes substantial restrictions on a defendant's liberty. *See, Gall v. United States,* 552 U.S. 38, 48 (2007), *See also, United States v. Grauer*, 491 F. Supp. 3d 457 (S.D. Iowa 2020) ("Noncustodial sentences . . . curtail prized liberty interests . . . and do not constitute any endorsement of Defendant's conduct.") (internal quotes omitted). *See also,* U.S.S.G. § 5F1.2. ("Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment."). In the context of present case, a significant term of home detention would thus reflect the seriousness of the offense, promote respect for the law, and provide just punishment via the imposition of significant punitive measures appropriate to the particularized facts, consistent with both 18 U.S.C. § 3553(a)(2) and the Sentencing Guidelines.

Home detention would also serve as both adequate deterrence and means of protecting the community – particularly in the case of a non-violent offense committed by a defendant with no violent criminal history and a total criminal history score of zero (Criminal History Category I). PIR ¶ 31-32. *See, United States v. Goss*, 325 F.Supp.3d 932 (E.D. Wis. Sep. 4, 2018) (Downward departure warranted because there was "no need for prison," in case where defendant had no prior record, strong family support, otherwise positive background, and had performed well on pre-trial release. Home detention, "provided a meaningful sanction."). Indeed, the serious conduct of the instant offense excepted, Mull has led a remarkably trouble-free life. PIR ¶ 31-39. A well-crafted sentence of home detention and the liberty restrictions associated therewith, including those specific to Mull's loss of firearm-related rights, would thus constitute a sentence sufficient, but not greater than necessary, consistent with 18 U.S.C. §3553(a)(2)(B)-(C).

Additionally, the sufficiency and appropriateness of home detention is supported by the history and characteristics of the defendant, as contemplated by 18 U.S.C. §3553(a)(1). Mull is a dedicated family man who, despite his disability, is heavily relied upon by those close to him and within his community. He supports his wife by managing the household finances, taxes, and bill-paying, as well as completing any and all other household tasks he is physically capable of performing. Perhaps more telling of his character, Mull also uses his wheelchair-accessible van to provide free transportation to other individuals with mobility impairments. In short, Mull needs his family and community, but they also need him.

## CONCLUSION

A sentence of home detention would not be idle time for Mull. Rather, it would allow him to continue serving others while fulfilling the goals of rehabilitation and just punishment for the serious offense to which he has fully admitted and taken responsibility. More critically, however,

because Mull is seriously and uniquely infirm, a sentence of home detention is not merely warranted, but wholly necessary.

For the foregoing reasons, Mull respectfully requests that the Court sentence him to a term of home detention in lieu of incarceration.

Respectfully submitted,

/s/ Guy A. Relford
Guy A. Relford
Attorney No. 6450-49
Counsel for Defendant, David Mull

The Law Office of Guy A. Relford
1 South Rangeline Road
Suite 110
Carmel, IN  46032
(317) 844-4297
(317) 703-3430
guy@relfordlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above Memorandum in Aid of Sentencing was served upon all attorneys of record through the Court's Electronic Court Filing System on this 23rd day of April 2025.

/s/ Guy A. Relford
Guy A. Relford